IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID L. JAMES                                                                                    PLAINTIFF

V.                                              NO. 12-5249

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, David L. James, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 16, 2010, alleging an inability to work since December 1, 2008, due to spontaneous pneumothorax, emphysema, anxiety, depression, heart problems, disfigured left index finger and hand, and learning disabilities. (Tr. 139-140, 143-148, 170-171, 175). An administrative hearing was held on December 5, 2011, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr.

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

30-74).

By written decision dated January 23, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - residuals of spontaneous pneumothorax, anxiety and depression and allied disorders. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of light and sedentary exertion work. He is unable to climb ropes, ladders, and scaffolds, and is unable to work in environments where he would be exposed to unprotected heights and dangerous moving machinery parts. He is able to understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, and is able to interact with co-workers and supervisors, under routine supervision.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as bakery worker, polisher, circuit board assembly, and small production assembly. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 26, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 11, 12).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred when he failed to apply an "equivalency" test to the correct Listing, 4.00, to Plaintiff's acute coronary syndrome; 2) The ALJ erred when he used "specious" representations of Plaintiff's daily living to discredit Plaintiff; and 3) The ALJ erred when he "played doctor" throughout his decision. (Doc. 11).

#### A. Failure to Meet a Listing:

"The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "To meet a listing, an impairment must meet all of the listing's specified criteria." Id. "To establish equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" Carlson v. Astrue, 604 F.3d 589, 594 (8th Cir. 2010)(quoting from Sullivan v. Zebley, 493 U.S. 521, 531 (1990)). "[W]hen determining medical equivalency, an impairment can be considered alone or in combination with other impairments." Carlson, 604 F.3d at 595.

-4-

Plaintiff argues that he medically equals a cardiovascular listing for presumptive disability. However, the medical evidence during the relevant period does not include any active diagnosis of a heart condition. In fact, on March 11, 2009, when Plaintiff presented himself to Washington Regional Medical Center (WRMC) with chest pains, the labs and EKG were normal. (Tr. 430). X-rays of Plaintiff's chest revealed no active cardiopulmonary process. (Tr. 437). On March 10, 2010, Plaintiff presented himself to WRMC, and was diagnosed with spontaneous right pneumothorax. (Tr. 367). Dr. John Weiss, a consultant, gave the following impression:

> 1. Spontaneous pneumothorax on the right side with occurring history, being the third time on the right and two previous on the left.
> 2. Coronary artery disease.

(Tr. 371). At that time, Dr. Weiss performed a right video-assisted thoracoscopic surgery with bleb stapling and abrasive pleurodesis. (Tr. 409). When Plaintiff presented himself to WRMC on April 1, 2010, the doctor's notes reflect that Plaintiff likely had pleurisy and that the pain was very atypical for angina. (Tr. 569). When Plaintiff again presented himself to WRMC on April 20, 2010, complaining of chest pain, Plaintiff underwent a stress test. (Tr. 555). The impression given was: good exercise tolerance; no inducible chest pain or EKG changes during exercise; diaphragmatic attenuation artifact, and no reversible defects indicating ongoing ischemia. (Tr. 555).

It is also noteworthy that on May 3, 2010, when Plaintiff was seen by Dr. John Kendrick at Minimal Access Surgery Clinic, Plaintiff denied a history of cardiovascular symptoms, such as chest pain, palpitation, or syncope. (Tr. 685). On May 26, 2010, Plaintiff presented to WRMC, and x-rays of his chest revealed no active cardiopulmonary process (Tr. 762). On

AO72A
(Rev. 8/82)

January 2, 2011, when Plaintiff presented himself to Northwest Medical Center in Springdale, complaining of chest pain, the assessment was, inter alia, chest pain, noncardiac, and an x-ray of his chest was negative for active cardiopulmonary process. (Tr. 818, 824). Later x-rays taken of Plaintiff's chest on March 28, 2011 and June 13, 2011, revealed no acute cardiopulmonary findings. (Tr. 791, 887). It was not until August 27, 2011, that Plaintiff presented to Northwest Medical Center in Springdale, that the doctors wanted to rule out cardiac, based upon Plaintiff's known coronary artery disease. (Tr. 904). A stress echocardiogram was ordered, and on August 28, 2011, Plaintiff underwent the echocardiogram at Heart Hospital Network. (Tr. 919-922). The results were mild mitral regurgitation, left ventricular diastolic dysfunction, and an x-ray was negative for acute process in the chest. (Tr. 919, 922). An EKG performed on August 27, 2011 was normal. (Tr. 928).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings with respect to whether Plaintiff's impairments met or equaled a listing.

**B. Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

AO72A
(Rev. 8/82)

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 15). The ALJ determined that Plaintiff had mild restriction in his activities of daily living, noting that Plaintiff was able to care for his own personal needs, do household chores such as cooking simple meals, mowing the lawn, doing dishes and doing the laundry. (Tr. 12). In his Function Report-Adult, dated April 30, 2010, Plaintiff indicated that he also did small household repairs, drove and shopped for groceries, played cards weekly. (Tr. 202-204). When Plaintiff presented himself to WRMC on July 27, 2010, complaining of weakness/dizziness, and diaphoresis, he reported having been out working in the heat all day. (Tr. 731). In a September 19, 2010 Function Report-Adult, Plaintiff reported that he went to stock car races on a regular basis. (Tr. 224).

The ALJ also noted that with regard to medication side effects, although Plaintiff alleged various side effects from the use of medication, the medical records, such as office treatment notes, did not corroborate those allegations. (Tr. 18). The ALJ considered Plaintiff's allegations of totally disabling pain, and evaluated his testimony in comparison with prior statements and other evidence. (Tr. 18). He found that Plaintiff's pain was limiting, but "when compared with the total evidence, it is not severe enough to preclude all types of work." (Tr. 18). The ALJ concluded:

> Ths issue is not the existence of pain or other symptoms, but whether the symptomatology experienced by the claimant is of sufficient severity as to preclude him from engaging in all types of work activity. The claimant is able to care for his own personal needs, help with the household chores, mow the lawn and visit with family (testimony).

(Tr. 18).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.    Whether the ALJ "played doctor:"**

Plaintiff argues that the ALJ is not free to play doctor and make determinations about the treatment of a claimant unless there are inconsistencies in the treatment records. The Court finds this argument to be without merit. A review of the ALJ's decision reveals that the ALJ carefully reviewed the medical records and found that although Plaintiff suffered from certain impairments, they were not disabling. The Court believes there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled under the Act.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 19th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE